FLETCHER, Judge.
Great West Life Assurance Company [Great West] appeals a “final summary judgment for plaintiff [appellee Winifred Greene] and order denying defendant’s motion for summary judgment” which judgment and order concluded that Great West had failed to pay Greene sufficient proceeds from a life insurance policy. In addition to awarding further proceeds, the judgment also awarded additional interest and attorney’s fees. We reverse the judgment and order as to all awards and remand for the entry of summary final judgment in favor of Great West.
As a part of her 1988 divorce settlement, Greene received the assignment of a $300,000 insurance policy from her ex-husband, who had been both the insured and the owner of the policy. The premiums for the policy were to be paid annually by the ex-husband, who, however, failed to do so, paying no premiums from 1988 until his death in 1992. Fortunately for Greene, Great West kept the policy in force by reliance on the automatic loan option of the policy, taking built-up cash value to pay the premium.
When Greene’s ex-husband died, Great West was informed verbally by the agent who wrote the policy. Great West, on numerous occasions, then sought formal claim documents so that it could settle the policy pursuant to section 627.461, Florida Statutes.[1] The formal claim documents were not forthcoming, however, until suit was filed by Greene in September, 1993, claiming that Great West had failed to pay the insurance proceeds promptly, thus entitling her to attorney’s fees and costs for their collection.
At some point in the litigation, Greene claimed as well that she was entitled to (1) the full value of the policy without reduction for the premiums paid by the automatic loan provisions, and (2) statutory interest from the date of the death. Great West disagreed, contending that Greene, as the assign-ee, was bound by the insurance contract’s terms and conditions, thus was entitled only to what those terms provided: the proceeds of the policy after deduction of the premium payments. As to the interest, Great West paid the statutory rate on the proceeds from the date it received the claim documentation (in connection with another policy) from the personal representative of the estate of the ex-husband.[2] It contended that this payment, although made, was not legally required as section 627.4615, Florida Statutes (1993), states that interest is payable only from the date the insurer receives written due proof of the death of the insured, not from the date of death as Greene argues.
The circuit court agreed with Greene and entered judgment accordingly. Our review of the language of the assignment and the policy, however, leads us to a different conclusion.
1.
Great West is correct in the argument that Greene is not entitled to receive an amount equal to the automatic loan payments from the policy’s built-up cash value. When Greene received the written assignment of the policy, the assignment specifically provided that it was “subject to all the terms and conditions of the policy....” Among the terms and provisions was the automatic premium payment provision — without which there would have been no policy to argue *387 over. Being bound by the terms, Greene was not entitled to the disputed payment. Massachusetts Mut. Life Ins. Co. v. Pinellas Cent. Bank & Trust Co., 175 So.2d 245 (Fla. 2d DCA1965).
2.
Great West is also correct in its argument that Greene is not entitled to additional interest beyond that which has been paid to her. Section 627.4615, Florida Statutes (1993), provides for interest only from the date the insurer receives written proof of death and surrender of the policy. Here, Great West paid the statutory interest even before receipt of these documents. No additional interest is due to Greene.
3.
Finally, Greene was not entitled to an award of attorney’s fees. Section 627.428(2), Florida Statutes (1993), prohibits the allowance of attorney’s fees against insurers if suit based on a claim arising under life insurance policies is filed prior to the expiration of sixty (60) days after proof of claim was duly filed with the insurer. Here, Green’s suit was filed prior to the expiration of this period. The issue is now moot, however, in light of our determination in favor of Great West. See § 627.428(1), Fla.Stat. (1993).
4.
We therefore reverse the “final summary judgment for plaintiff and order denying defendant’s motion for summary judgment,” and remand with instructions to enter judgment for Great West.
Reversed and remanded.

. This section reads:
"Every contract shall provide that, when a policy becomes a claim by the death of the insured, settlement shall be made upon receipt of due proof of death and surrender of the policy."

. Great West did pay as well interest at "gratuitous company rates” (not statutory) from the date of death until the date it began the statutory rate.